**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MS & SONS HOSPITALITY, LLC, a California Limited Liability Company; MUKESH K. PATEL,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>DB INSURANCE CO., LTD.; DOES 1 THROUGH 10 INCLUSIVE,<br><br>Defendants-Appellees. | No. 22-55440<br><br>D.C. No. 2:20-cv-01994-JGB-SHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted March 9, 2023
Pasadena, California

Before: WATFORD and COLLINS, Circuit Judges, and S. MURPHY,[**] District Judge.

Appellants MS & Sons Hospitality and Mukesh Patel (MS) appealed the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

district court's grant of summary judgment to Appellee DB Insurance Co. (DB) based on appellants' lack of standing. "We review a grant of summary judgment de novo." *Rodriquez v. Bowhead Transp. Co.*, 270 F.3d 1283, 1286 (9th Cir. 2001) (citation omitted). We must "[v]iew[] the evidence in the light most favorable to the nonmoving party[] [and] determine whether there are any genuine issues of material fact." *Id.* (citation omitted).

The district court properly found that MS lacked standing to sue on the insurance contract. MS argued that it has a legally protected interest in the proceeds of DB and Pinnacle Hospitality Inc.'s insurance contract. But MS was not a party to the insurance contract. Whether MS has standing therefore hinges on whether it was validly assigned rights under the contract.

First, MS claimed the district court erred because DB was judicially estopped from arguing that MS lacked standing, and that even if judicial estoppel did not apply, DB was barred by its actions under the doctrines of waiver and estoppel. MS finally maintained that there was a triable issue of fact about whether Pinnacle validly assigned its contractual rights to MS.

MS's first argument is that, by treating Chris Choi as the insured for purposes of an examination under oath, DB is now judicially estopped from contending that he is *not* the insured for purposes of his ability to assign the policy. We apply the federal law of judicial estoppel in federal court. *Rissetto v. Plumbers*

2

*& Steamfitters Loc. 343*, 94 F.3d 597, 603 (9th Cir. 1996). Judicial estoppel attaches where a party makes assertions that are "clearly inconsistent," the party induces a court to rely on its first statement, and allowing the change in position would produce "an unfair advantage or impose an unfair detriment on the opposing party." *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001).

Judicial estoppel does not apply here because DB did not "persuad[e] a court to accept [its] earlier position." *Id.* The examination under oath occurred out of court, and the representations made in securing Choi's attendance were representations to the parties, not the court. Without a "risk of inconsistent court determinations," there is "little threat to judicial integrity," and no basis for application of judicial estoppel. *Id*. at 750–51.

MS's argument that DB's defense is barred by the doctrines of waiver and estoppel also fails. Under California law, waiver requires "an actual intention to relinquish" "an existing right." *Silva v. Nat'l Am. Life Ins. Co.*, 58 Cal. App. 3d 609, 615 (Ct. App. 1976). But MS has provided no evidence that DB has intentionally relinquished any right. Nor was any of DB's "conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished." *Id*. Likewise, the California law of equitable estoppel requires a showing that "[t]he party relying upon the doctrine of equitable estoppel . . . rel[ied] upon the [other party's] conduct to his injury." *Id*. And MS

has provided no evidence that it relied on any representations by DB.  Waiver and equitable estoppel are therefore inapplicable.

Turning to the merits, a federal court sitting in diversity generally must "apply the substantive law of the [S]tate in which it sits[.]"  *Harmsen v. Smith*, 693 F.2d 932, 946–47 (9th Cir. 1982).  We therefore apply California substantive law. Under California law, "an assignment[] . . . must be a manifestation to another person by the owner of the right indicating his intention to transfer the right to such other person, or to a third person."  *Dameron Hosp. Assn. v. AAA N. California, Nevada & Utah Ins. Exch.*, 77 Cal. App. 5th 971, 989 (2022) (cleaned up).  There is not a genuine issue of material fact over whether Pinnacle assigned its contractual rights to MS.  The only evidence in the record related to assignment is a February 2018 letter to DB from Mr. Chris Choi, who was the secretary of the company that owned the property subject to the insurance contract.  Mr. Choi is not named as a beneficiary on the insurance policy, and he is not "the owner of the right."  *Dameron Hosp. Assn.*, 77 Cal. App. 5th at 990 (quotation omitted).  Thus, he could assign the contractual rights only if he acted with actual or ostensible authority vested in him by the principal.

No evidence suggests that Mr. Choi had actual authority. Mr. Choi's February 2018 letter cannot establish actual agency because actual agency must arise from the "conduct of the principal."  *Tomerlin v. Canadian Indem. Co.*, 61

4

Cal. 2d 638, 643 (1964). And Mr. Choi could not recall any conduct of the principal that gave him the power to transfer assets of the corporation. In all, MS offered no evidence that the *principal* took any action to make Mr. Choi its agent with authority to assign corporate assets.

Likewise, ostensible agency authority is formed only by "some intentional conduct or neglect *on the part of the alleged principal* creating a belief in the minds of third persons that an agency exists, and a reasonable reliance thereon by such third persons." *Lovetro v. Steers*, 234 Cal. App. 2d 461, 475 (1965) (emphasis added) (citation omitted). And MS failed to show any act of the principle that "creat[ed] a belief in the minds of third persons that an agency [relationship] exist[ed]." *Id.* Mr. Choi's February 2018 letter cannot establish ostensible agency because, again, it is not an act by the principal. Besides, no evidence in the record showed that Pinnacle ever actually or negligently held Mr. Choi out as one of its agents with the power to transfer corporate assets. Because Mr. Choi was neither the actual nor ostensible agent of Pinnacle, his purported assignment of the insurance contract is invalid. Thus, MS has failed to show that it was validly assigned an interest in the insurance contract, and it therefore lacks any cause of action based on that contract.

MS nevertheless argued that California Corporations Code § 313 created a "conclusive . . . evidentiary presumption of [Mr. Choi's] authority" "to sign the

contract on behalf of [Pinnacle]" unless DB had "actual knowledge" that Mr. Choi lacked such authority. But the statute is inapplicable here. Section 313 "appl[ies] only in the situation when at least two officers—one from each of the two series or categories of officers designated—execute the instrument." *Snukal v. Flightways Mfg., Inc.*, 23 Cal. 4th 754, 785 (2000). Although that extends to situations where "one individual who in fact holds two of the specified corporate offices executes the instrument," *id*. at 310, nothing in the record suggested that Choi held two corporate offices or signed in two capacities. To the extent that MS contends that Choi served in two distinct capacities as a "Secretary" and "Officer," it is mistaken because a "Secretary" is simply the specific form of "Officer" that Choi was.

In sum, Pinnacle did not validly assign its contractual rights to MS under California law. MS therefore lacked standing, and the district court's grant of summary judgment was proper.

The district court's order is **AFFIRMED**.